FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS
03 DEC 18 AM 10: 10
RALPH L. DeLOACH
BY_____ DEPUTY
AT KANSAS CITY, KS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Michael D. Van Deelen,       )
           Plaintiff,       )
                              )
vs.       )   Case No. 03-1408-MLB
                              )
Patrick McAnany       )
           Defendant.       )

## PLAINTIFF'S FIRST AMENDED PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW the plaintiff, Michael D. Van Deelen, and sues defendant Patrick McAnany and as grounds therefore alleges:

1. That this action arises under the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42, United States Code, Section 1983.

2. That the jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, Sections 1331 and 1343.

3. That plaintiff, Michael D. Van Deelen, is a citizen of the United States of America who resides at 1025 Acorn Drive, Eudora, Douglas County, Kansas.

4. That defendant Patrick McAnany at all times material to this Complaint was a Johnson County, Kansas, District Court judge who presides over Division 14.

5. That plaintiff sues the defendant in his individual capacity.

6. That defendant McAnany, while acting under color of state law in his capacity as a Johnson County, Kansas, District Court Judge, violated plaintiff's constitutional rights of equal access to the courts, due process and equal protection of the laws as detailed herein. Defendant McAnany, while acting under color of state law in his capacity as a Johnson

1

County, Kansas, District Court Judge, retaliated against the plaintiff for plaintiff's attempted exercise of his constitutional right of equal access to the courts as detailed herein.

7. That plaintiff filed Johnson County District Court case number 03CV1295 in February, 2003. Said case was assigned to defendant McAnany.

8. That plaintiff came to believe during the initial proceedings of case 03CV1295 that defendant McAnany was biased against pro se plaintiffs. On two separate occasions prior to July, 2003, defendant McAnany warned the plaintiff, through his assistant, that defendant McAnany has a policy of sanctioning pro se litigants if they do not exactly follow Johnson County District Court rules and procedure and that defendant McAnany would sanction the plaintiff by making plaintiff pay the defendants' attorney fees in case 03CV1295 if the plaintiff failed to follow correct procedure. Plaintiff was told that this policy applied only to pro se litigants and not to licensed attorneys who appeared before defendant McAnany.

9. That on July 17, 2003, defendant McAnany was hearing a motion to compel discovery that plaintiff had filed in case 03CV1295. Throughout plaintiff's argument, defendant McAnany treated plaintiff in a hostile and disrespectful manner. Defendant McAnany frequently could be seen laughing while plaintiff was addressing the court. Plaintiff finally asked that the record reflect that defendant McAnany was snickering while plaintiff was making argument on his motion. Defendant McAnany then announced, "I am not snickering, I am laughing at you!". Defendant McAnany then told the plaintiff that plaintiff's argument was "ridiculous" but would not say why he thought plaintiff's argument was ridiculous.

10. That the parties had scheduled several potentially lengthy motions to be heard during the July 17, 2003, hearing in case 03CV1295 discussed herein. Nevertheless, after only thirty minutes and while the parties were still arguing plaintiff's motion to compel,

2

defendant McAnany, without cause, became angry at plaintiff, got up, announced that the hearing was over and left the court room. The only motion of the scheduled motions that actually got heard was plaintiff's motion to compel. And plaintiff's motion to compel was not heard to completion.

11. That on July 18, 2003, plaintiff filed his first Motion for Change of Judge which asked defendant McAnany to recuse himself from case 03CV1295. The hearing on said motion was held on August 12, 2003. During said hearing, defendant McAnany denied plaintiff's Motion for Change of Judge.

12. That subsequent to the August 12, 2003, hearing on plaintiff's Motion for Change of Judge, defendant McAnany's unconstitutional treatment of the plaintiff worsened as detailed herein.

13. That defendant McAnany reassigned two other cases of plaintiff's that were being heard by other Johnson County District Court judges to his court. Plaintiff filed case number 03CV6076 on August 25, 2003. Said case was assigned randomly to Division 12 in Johnson County District Court. Defendant McAnany immediately reassigned the case to his court (Division 14). Plaintiff filed case number 03CV6857 on September 24, 2003. Said case was randomly assigned to Division 4. Defendant McAnany immediately reassigned the case to his court (Division 14).

14. That subsequent to September 24, 2003, defendant McAnany instructed Johnson County District Court clerks to automatically assign any new filings by the plaintiff to his court (Division 14). This instruction was in violation of Johnson County District Court rules and policy to randomly assign cases to the Court's 18 judges. On October 31, 2003, plaintiff filed case number 03CV7802. Said case was assigned to defendant McAnany.

15. That plaintiff presently has 5 outstanding cases in Johnson County District Court.

All are assigned to defendant McAnany. The odds that 5 cases could be randomly assigned to the same judge out of an 18 judge pool are 1,889,568 to 1.

16. That after defendant McAnany reassigned case number 03CV6857 to his division, defendant McAnany prohibited plaintiff from conducting discovery in said case. Plaintiff was ordered to prepare for a January, 2004, trial in said case without first conducting discovery. Plaintiff cannot prevail in case number 03CV6857 if he is not allowed to conduct discovery.

17. That four defendants in case number 03CV1295 filed a motion to dismiss for failure to state a claim upon which relief can be granted instead of an answer. Said motion was heard and denied on November 5, 2003. Defendant McAnany ordered the four defendants to file an answer by November 15, 2003. Defendant McAnany prohibited the plaintiff from conducting any discovery against the four defendants after he received their answer. Instead, defendant McAnany ordered the plaintiff to prepare for a January, 2003, trial in case 03CV1295. Plaintiff cannot prevail in case number 03CV1295 if he is not allowed to conduct discovery against the four defendants.

18. That three defendants in case number 03CV1295 failed to answer plaintiff's complaint or otherwise plead. Plaintiff filed a motion for default judgment against them. On November 5, 2003, defendant McAnany denied plaintiff's motion for default judgment. Defendant McAnany nevertheless prohibited the plaintiff from conducting any discovery against the three defendants. Plaintiff was instead ordered by defendant McAnany to prepare for a January, 2003, trial against the three defendants. Plaintiff cannot prevail in case number 03CV1295 if he is not allowed to conduct discovery against the three defendants.

19. That plaintiff had four hearings before defendant McAnany in case number 03CV1295 prior to early November, 2003. In two of those hearings, defendant McAnany,

for no apparent reason, became visibly upset with plaintiff, shouted at the plaintiff and terminated the hearings before their scheduled times were up and before plaintiff had argued most of his motions. Plaintiff was forced to reschedule the two hearings for several weeks in the future, causing unnecessary delay. In a third hearing, defendant McAnany was more than one hour late. Plaintiff was not notified that defendant McAnany would be late even though defendant McAnany knew for several days in advance of the hearing that he had a schedule conflict.

20. That on or about November 3, 2003, defendant McAnany held an ex parte hearing with the attorney for the defendants in case number 03CV6076 and discussed future rulings defendant McAnany was going to make on outstanding motions in the case. During said hearing, defendant McAnany discussed possible strategies on how the defendants could defeat plaintiff's claims. Plaintiff was not in attendance at the hearing and not notified in advance that it was going to be held.

21. That on November 5, 2003, defendant McAnany held an ex parte meeting with one of the defendant attorneys in case number 03CV1295 and discussed the status of the case.

22. That defendant McAnany intentionally failed to rule on a timely motion for continuance plaintiff made in case number 03CV1295.

23. That defendant McAnany intentionally failed to rule on a timely motion for continuance plaintiff made in case number 03CV6076.

24. That defendant McAnany issued a Scheduling Order in case number 03CV1295 on March 25, 2003. Said Scheduling Order ruled that the trial date in said action would be determined at the pretrial conference. On November 6, 2003, after defendant McAnany had again become angry with plaintiff at the November 5, 2003, hearing in case number

03CV1295, and before the pretrial conference in said action, defendant McAnany issued an Order in which he unilaterally set the trial date for January 13, 2003. The Order implied that the January 13, 2003, trial date had been set in a Journal Entry filed by defendant McAnany on August 14, 2003. Plaintiff has not received any such journal entry from defendant McAnany or anyone else involved in case number 03CV1295.

25. That defendant McAnany has made various statements in case number 03CV1295 which has signaled defendant McAnany's intention to deny motions to compel filed by plaintiff in that action. For example, in a hearing in case number 03CV1295, defendant McAnany told the plaintiff that he should not waste his time submitting complicated interrogatories to the defendants but should instead do depositions to get at the information he wanted. As the result of defendant McAnany's statements, the defendants in case number 03CV1295 have routinely objected to almost every interrogatory and request for production of documents submitted to them by the plaintiff. Plaintiff files subsequent motions to compel which are largely denied by Judge McAnany.

26. That on November 6, 2003, defendant McAnany limited the time plaintiff could spend in oral arguments before defendant McAnany in case number 03CV1295 to 15 minutes per motion. There is no basis in law or local rule allowing this restriction. Most of plaintiff's motions are motions to compel which are quite lengthy. Plaintiff is not able to complete his arguments in said motions in 15 minutes. Defendant McAnany has never limited the time that any other plaintiff appearing before him could spend in oral argument on any given motion.

27. That defendant McAnany allows the attorneys representing the defendants in the cases plaintiff has before him to unilaterally schedule hearings. However, defendant McAnany has instructed the plaintiff that plaintiff can schedule hearing dates before him only

after consulting with, and obtaining the permission of, the defendants' attorneys. The defendants' attorneys are aware of this restriction placed upon the plaintiff by defendant McAnany. Consequently, the defendants' attorneys frequently delay the plaintiff by not agreeing to any suggested hearing dates proposed by the plaintiff, even though said suggested hearing dates may be multiple proposed dates several weeks in the future. In the November 5, 2003, hearing in case number 03CV1295 before defendant McAnany, plaintiff complained to him that the four attorneys representing the defendants would not cooperate in the setting of plaintiff's motions. Defendant McAnany replied, "That's between you and them."

28. That plaintiff filed his first Petition in the instant action on November 10, 2003.

29. That plaintiff filed a second Motion for Change of Judge in case 03CV1295 on November 12, 2003. A hearing was held on said motion on November 13, 2003. During said hearing, Judge Mcanany, without any basis in law or fact, threatened to cite the plaintiff with contempt if plaintiff did not amplify his reasons for asking Judge McAnany to recuse himself from the case. Judge McAnany denied plaintiff's motion.

30. That on November 13, 2003, after the hearing on plaintiff's Motion for Change of Judge in case 03CV1295 had ended, plaintiff received a telephone call from Judge McAnany. During the call, Judge McAnany sounded very angry. Judge McAnany told plaintiff that Judge McAnany was going to reassign every future case plaintiff filed in Johnson County District Court to his division, Division 14. Judge McAnany told plaintiff he could do this because he was the Chief Judge of Johnson County District Court. Judge McAnany told plaintiff that Judge McAnany would make sure that plaintiff lost all of plaintiff's outstanding cases before Judge McAnany and any future cases that plaintiff should bring in Johnson County District Court. Judge McAnany also told plaintiff that Judge McAnany was going to repeatedly sanction the plaintiff so that plaintiff would incur costs

of litigation equivalent to the costs the defendants in plaintiff's actions were incurring.

31. That on December 17, 2003, a hearing was held in Judge McAnany's court in case number 03CV1295. Judge McAnany, making good on his November 13, 2003, threat to sanction the plaintiff, sanctioned plaintiff $500.00 for failing to comply with certain discovery requests propounded by defendant CW Associates, even though plaintiff had complied with said requests to the best of his ability, even though plaintiff had attempted to cooperate with defendant CW Associates in complying with its requests and even though defendant CW Associates had not fully and completely complied with plaintiff's discovery requests. Prior to being sanctioned by Judge McAnany, plaintiff had never been sanctioned in any case in any court for failure to allow discovery. No defendant or defendant attorney in case number 03CV1295 has been sanctioned by Judge McAnany for failure to adequately respond to plaintiff's discovery requests.

32. That during hearings before him in plaintiff's cases, Judge McAnany has frequently allowed the attorneys for the defendants to disparage plaintiff's reputation over plaintiff's repeated objections.

33. That defendant McAnany retaliated against the plaintiff after plaintiff attempted to get defendant McAnany to recuse himself from case number 03CV1295 by performing the acts described herein.

34. That defendant McAnany retaliated against the plaintiff as described herein for plaintiff's attempts to exercise his constitutional right of equal access to the courts.

35. That plaintiff has been damaged by defendant McAnany's actions towards him as described herein.

36. That since plaintiff has several cases pending before defendant McAnany in Johnson County District Court and because plaintiff could file additional cases in Johnson

County District Court in the future, plaintiff will be irreparably harmed if defendant McAnany continues to violate plaintiff's constitutional rights of due process, equal protection of the laws and equal access to the courts as described herein and if defendant McAnany continues to retaliate against the plaintiff for plaintiff's attempted exercise of his constitutional right of equal access to the courts as described herein.

WHEREFORE, plaintiff prays for judgement against the defendant as follows:

1. Court costs.

2. The issuance of a permanent injunction against the defendant enjoining him from violating plaintiff's constitutional rights of equal access to the courts, due process and equal protection of the laws.

3. The issuance of a permanent injunction against the defendant enjoining him from retaliating against the plaintiff for plaintiff's attempted exercise of his constitutional right of equal access to the courts.

4. A declaratory judgment that the defendant violated plaintiff's rights of equal access to the courts, due process and equal protection of the laws when he committed the acts described herein.

5. A declaratory judgment that the defendant retaliated against the plaintiff for plaintiff's seeking to recuse the defendant from Johnson County District Court case number 03CV1295.

6. A declaratory judgment that the defendant retaliated against the plaintiff for plaintiff's attempt to exercise his right of equal access to the courts.

7. A declaratory judgment that the defendant discriminates against pro se litigants who appear before him in Johnson County District Court Division 14.

8. Such other relief, including injunctive and declaratory relief, that the Court deems

just, proper and equitable.

                                                  Respectfully submitted:

                                                  */s/ Michael D. Van Deelen*
                                                  Michael D. Van Deelen
                                                  1025 Acorn Drive
                                                  Eudora, Kansas 66025
                                                  (913) 542-1701

Plaintiff designates Wichita, Kansas, for trial.