## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL D. VAN DEELEN, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  03-1408-MLB |
| | ) | |
| PATRICK MCANANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I.   INTRODUCTION

Michael D. Van Deelen filed a complaint pursuant to 42 U.S.C. § 1983 against Patrick McAnany, who was at the time a judge in the District Court of Johnson County, Kansas, alleging that defendant violated plaintiff's "constitutional rights of equal access to the courts, due process and equal protection of the laws." (Doc. 2 at 1.)  At the time plaintiff filed his complaint, he allegedly had five cases in the Johnson County District Court, all before Judge McAnany.[1]  Plaintiff seeks a permanent injunction against defendant enjoining him from violating plaintiff's constitutional rights and from retaliating against plaintiff for the exercise of those rights.  Plaintiff also seeks a declaratory judgment that defendant violated plaintiff's constitutional rights, that defendant engaged in various acts of retaliation against plaintiff and that defendant

---

[1]  The subject matter of the cases is not described in the pleadings.  Based on the number of cases, plaintiff's pro se status and the arguments plaintiff has made in pleadings in this court, it is reasonable to infer that the cases lack merit.  Many of Judge McAnany's rulings and actions about which plaintiff complains are common and necessary in such cases.

discriminates against <u>pro se</u> litigants who appear before him.

Defendant responds that the court lacks subject matter jurisdiction "based upon judicial immunity for his actions as a state court judge presiding over a state court proceeding, the Rooker-Feldman doctrine, Younger abstention, and Eleventh Amendment immunity." (Doc. 4 at 4.) The case is currently before the court upon defendant's motion to dismiss (Doc. 3). For the reasons stated, defendant's motion is GRANTED.

**II. ANALYSIS**

Pursuant to 42 U.S.C. § 1983, any person who "under color of . . . [state law] . . . subjects, or causes to be subjected, . . . any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." The statute was enacted to provide protections to those persons wronged by the misuse of power. While § 1983 itself creates no substantive civil rights, it does provide an avenue in federal court through which civil rights can be redeemed. <u>See</u> <u>Wilson v. Meeks</u>, 52 F.3d 1547, 1552 (10th Cir. 1995). But federal courts are courts of limited jurisdiction, available to exercise their power only when specifically authorized to do so, <u>see</u> <u>Sellens v. Telephone Credit Union</u>, 189 F.R.D. 461, 465 (D. Kan. 1999), and the court rules here that it does not have jurisdiction over plaintiff's claims.

Plaintiff's claims for prospective injunctive relief can be dismissed easily pursuant to the judicial immunity doctrine. The Supreme Court, in <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984), concluded that "judicial immunity is not a bar to prospective injunctive

-2-

relief against a judicial officer acting in her judicial capacity."
<u>Id.</u> at 541-42.  But in 1996, Congress amended 42 U.S.C. § 1983 as part of the Federal Courts Improvement Act to read:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, <u>except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable</u>. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

Congress thus effectively overruled <u>Pulliam</u>, at least with respect to whether prospective injunctive relief can be had against a state judicial officer.  <u>See</u> S. Rep. No. 104-336, at 36 (1996), <u>reprinted in</u> 1996 U.S.C.C.A.N. 4202, 4216 (stating that the amendment "restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in <u>Pulliam</u>").  Defendant is therefore immune from plaintiff's claims seeking prospective injunctive relief if defendant had jurisdiction over the subject matter before him when taking the challenged actions.  <u>See Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").

-3-

The scope of the judge's jurisdiction must be construed broadly. Id. "The 'judicial acts' for which judges enjoy immunity include all functions normally performed by a judge when the parties deal with the judge in [his] judicial capacity." Bradley v. Gray, 78 Fed. Appx. 84, 85 (10th Cir. 2003). The court has considered each of plaintiff's allegations and determines that they generally describe conduct normally performed in defendant's judicial capacity. In the alternative, however, and with respect to plaintiff's claims for declaratory relief, the court determines that each of plaintiff's claims is now moot.

Defendant presumably has withdrawn from all cases filed by plaintiff as of January 15, 2004, due to his appointment to the Kansas Court of Appeals.

> "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). This requirement must exist at all stages of appellate review, and it is "not enough that the dispute was alive when the suit was filed." Id. Federal courts have no authority to give an opinion upon a question that is moot as a result of events that occur during the pendency of the action. Church of Scientology v. United States, 506 U.S. 9, 12 (1992).

Suarez-Tejeda v. United States, 2004 WL 68758, at *3 (10th Cir. 2004). At this point, any entry of a declaratory judgment in plaintiff's favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on . . . defendant's behavior towards him." Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997). Without a live case or controversy, the court has no jurisdiction over plaintiff's claims. Defendant's motion is thus granted.

**III. CONCLUSION**

Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED (Doc. 3).  In ruling, the court expresses no opinion on the applicability of the Rooker-Feldman doctrine, Younger abstention, or Eleventh Amendment immunity as bars to jurisdiction.

A motion for reconsideration is neither invited nor encouraged.  Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (D. Kan. 1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this  <u>26th</u>  day of January 2004, at Wichita, Kansas.


<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE